IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JAMES L. BROWN,

        Petitioner,      :      Case No. 1:12-cv-644

  - vs -                                  Chief Judge Susan J. Dlott
                                          Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner James L. Brown, is before the Court on Respondent's Motion to Dismiss (Doc. No. 15). Brown filed a Response in opposition (Doc. No. 28) and the Warden has filed a reply in support (Doc. No. 29).

Respondent seeks dismissal on the grounds that the two claims pled in the Petition do not state a claim upon which habeas corpus relief can be granted and, in any event, were not fairly presented as federal constitutional claims in the state courts (Motion, Doc. No. 15, PageID 56).

Brown pleads the following grounds for relief:

> **Ground One:** The trial court erred by imposing maximum, consecutive sentences under each trial case number without considering the purposes and principles of sentencing pursuant to violation of my Fourteenth Amendment right under the United States Constitution.
>
> **Ground Two:** Appellant's convictions for robbery and kidnapping were allied offenses of similar import. Trial court violation of Appellant's constitutional rights by sentencing him to maximum and consecutive sentences violating his Eight [sic] and Fourteenth Amendment rights under the United States Constitution.

1

(Petition, Doc. No. 1, PageID 6-8.)

In his Response, Petitioner claims the reasonable doubt instructions at his trial were flawed, the State used peremptory juror challenges in a racially discriminatory way, the facts were unreasonably determined, and there was prosecutorial and jury misconduct (Response, Doc. No. 28, PageID 314-16).  These claims are not made in the Petition, however, and, on that basis, cannot properly be considered by the Court.  *Tyler v. Mitchell,* 416 F.3d 500, 504 ( 6th Cir. 2005); *Jones v. Bagley*, 2009 U.S. Dist. LEXIS 125163, *105-106 (S.D. Ohio 2009)

**First Ground for Relief:  Maximum Sentences**

Brown asserts that he argued due process of law and Double Jeopardy, citing to *Jackson v. Virginia*, 443 U.S. 307 (1979), in his first appeal. *Id.*  at PageID 316.  Examining Brown's Brief on appeal, the Court notes that *Jackson* was cited only with respect to the First Assignment of Error on omission of essential elements and on the Third Assignment of Error claiming error in joining the two indictments for trial. It was not cited with respect to the Fourth Assignment of Error regarding maximum sentences (Motion to Dismiss, Doc. No. 15-1, PageID 104-05).

The body of the argument on the First Assignment says nothing about the federal constitution, but argues the claim entirely in state law terms. *Id.* at PageID 111-14. In fact, *Jackson* is not cited in this section of the Brief at all.  Moreover, *Jackson* stands for the proposition that the State must prove guilt beyond a reasonable doubt and has nothing to do with the structure of indictments.  On the Third Assignment, *Jackson* is cited as to a conviction on "improper or tainted proof."  *Id.*  at 116.  This Assignment of Error makes no argument about

sentencing at all.

Brown's Fourth Assignment of Error on Appeal parallels his First Ground for Relief, but argues the claim entirely in terms of Ohio Revised Code § 2929.11. *Id*. at PageID 117-118. That statute instructs Ohio judges on the purposes of felony sentencing and does not purport to be enforcing any federal constitutional guarantee.

The Magistrate Judge concludes Brown has procedurally defaulted by failing to present his First Ground for Relief to the Ohio courts as a federal constitutional claim. It should therefore be dismissed with prejudice.

**Second Ground for Relief: Double Jeopardy**

In his Second Ground for Relief, Brown asserts that convicting and punishing him for both robbery and kidnapping violates the Double Jeopardy Clause. This claim parallels Brown's Fifth Assignment of Error on direct appeal in which he expressly mentions the Double Jeopardy Clauses of both the Ohio and Federal Constitutions. *Id*. at PageID 118-120. Although he argues the claim completely in terms of Ohio Revised Code § 2941.25, the Ohio allied offenses of similar import statute, the Ohio Supreme Court has held that the interests protected by that statute are the same as those protected by the Double Jeopardy Clause. *State v. Johnson*, 128 Ohio St. 3d 153 (2010)(Ohio Rev. Code § "2941.25 is a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *Id.* at ¶ 45.) Brown's Second Ground for Relief is not defaulted for lack of fair presentation.

However, when a state court decides on the merits a federal constitutional claim later

presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The First District Court of Appeals decided this claim as follows:

> **[*P23]** In his fifth and final assignment of error, Brown contends that he was improperly sentenced because the charges for robbery and kidnapping involved allied offenses of similar import.
>
> **[*P24]** Under R.C. 2941.25, if a defendant commits two or more allied offenses of similar import, he can only be convicted of one. But if two allied offenses are committed with a separate animus, the defendant may be convicted of each. R.C. 2941.25(B). The Ohio Supreme Court has recognized that, unless there is a separate animus, the commission of robbery necessarily results in the commission of a kidnapping, and therefore that the crimes are allied offenses of similar import under R.C. 2941.25(A). [FN 17 *State v. Cabrales*, 118 Ohio St.3d 54, 2008 Ohio 1625, 886 N.E.2d 181, at P18, citing *State v. Fears*, 89 Ohio St.3d 329, 344, 1999 Ohio 111, 715 N.E.2d 136; see, also, *State v. Winn*, 121 Ohio St.3d 413, 2009 Ohio 1059, 905 N.E.2d 154 (holding that aggravated robbery and kidnapping are allied offenses of similar import under R.C. 2945.21[A]).]
>
> **[*P25]** The question then is whether the robbery and the kidnapping in this case were committed with a separate animus. The Ohio Supreme Court has held that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged * * * [or] where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense to support separate convictions." [FN 18 *State v. Logan* (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus. See, also, *Fears*, *supra*.]
>
> **[*P26]** In this case, the state demonstrated a separate animus for the kidnapping charges. After Brown and his accomplices had

4

> stuffed money from the bank into their bags, the robbery was over. But at that point, one of the robbers then told the bank employees, "[D]on't move if you value your life." The robbers then left. The employees did not immediately move to pull the alarm after the robbers had left due to their fear of being harmed, and thus their liberty was effectively restrained apart from the robbery. Accordingly, it was proper for the trial court to enter separate convictions for the kidnappings.
>
> **[\*P27]** With respect to the two robbery convictions, we sua sponte merge those two counts, as they involved allied offenses of similar import. Although there were several bank employees who were threatened with physical harm, the robberies were committed with a single animus: to steal money from the bank. [FN 19 See, generally, *State v. Gamble* (Nov. 13, 1996), 1st Dist. No. C-960071, 1996 Ohio App. LEXIS 4909 (holding that aggravated-robbery and robbery convictions arising from a bank robbery were committed with a single animus: to steal from the bank and not individual bank employees).]
>
> **[\*P28]** Accordingly, we overrule Brown's assignment of error as it pertains to the merger of the robbery and kidnapping offenses, but sustain it as to the merger of the robbery offenses.

*State v. Brown*, 2009-Ohio-1889, 2009 Ohio App. LEXIS 1675 (1st Dist. 2009).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States*

5

*v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985); *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily included, or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013), *citing Albernaz*. "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

The First District Court of Appeals has decided that Ohio law, specifically Ohio Revised Code § 2941.25, permits punishment for both the robbery and kidnapping offenses in this case. That holding is determinative for the Brown's Double Jeopardy claim, which should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion,

Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

February 5, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).