# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES L. BROWN,

               Petitioner,           :    Case No. 1:12-cv-644

   - vs -                        Chief Judge Susan J. Dlott
                                  Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,
                                  :

               Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by petitioner James L. Brown, is before the Court on Brown's Objections (Doc. No. 33) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice (the "Report," Doc. No. 30). Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Doc. No. 34).

Brown pleads the following grounds for relief:

> **Ground One:** The trial court erred by imposing maximum, consecutive sentences under each trial case number without considering the purposes and principles of sentencing pursuant to violation of my Fourteenth Amendment right under the United States Constitution.

> **Ground Two:** Appellant's convictions for robbery and kidnapping were allied offenses of similar import. Trial court violation of Appellant's constitutional rights by sentencing him to maximum and consecutive sentences violating his Eight [sic] and Fourteenth Amendment rights under the United States Constitution.

(Petition, Doc. No. 1, PageID 6-8.) The Report recommended that the First Ground for Relief be dismissed as procedurally defaulted because Brown had not fairly presented that claim to the state courts as a federal constitutional claim (Report, Doc. No. 30, PageID 332-33). Brown makes no objection to that analysis and recommendation and it should therefore be adopted.

As to the Second Ground for Relief, the Warden had argued that this claim also was procedurally defaulted by being presented to the state courts only as a state law claim under the Ohio multiple offenses statute, Ohio Revised Code § 2941.25. (Respondent's Motion to Dismiss, Doc. No. 15, PageID 56.) The Report rejected that position and found that this claim had been fairly presented as a Double Jeopardy claim because Ohio Revised Code § 2941.25 has been held to protect the same interests. (Report, Doc. No. 30, PageID 333), *citing State v. Johnson*, 128 Ohio St. 3d 153 (2010). Nevertheless, the Report found that, as a decision on the merits of the Double Jeopardy claim, the First District's decision was entitled to deference under 28 U.S.C. § 2254(d)(1) and that it was neither contrary to nor an objectively unreasonable application of Supreme Court precedent on this subject. *Id.* at 333-36.

Brown objects that the First District did not decide the merits of his Double Jeopardy claim, even though he presented it fairly (Objections, Doc. No. 33, PageID 344). He relies on Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, Sixth Edition § 32.2, which asserts

> A state court decision also cannot be classified as an "adjudication on the merits" if the state court failed to resolve all determinative issues of federal law, either because they were not before the state court [footnote omitted] or because the state court's framing or analysis of the claim omitted one or more dimensions of the requisite constitutional analysis.

*Id.* at 1752-54, citing, *inter alia, Porter v. McCollum*, 558 U.S. 30, 39 (2009); *Rompilla v. Beard,* 545 U.S. 374, 390 (2005); *Miller v. Stovall,* 608 F.3d 913, 921-22 (6th Cir. 2010); *Wynne*

*v. Renico*, 606 F.3d 867, 870 (6th Cir. 2010); *English v. Romanowski,* 602 F.3d 714, 728 (6th Cir. 2010); *McElrath v. Simpson*, 595 F.3d 624, 631 (6th Cir. 2010); *Johnson v. Bagley,* 544 F.3d 592, 603 (6th Cir. 2008); and other Sixth Circuit cases.  The reader will note, however, that all of the cited cases were decided before *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 792 (2011).  As Hertz and Liebman acknowledge in the 2014 Supplement to their treatise, *Harrington* requires federal courts to presume a state court decision was an adjudication on the merits of the federal claim if it decides that claim, even if it gives no explanation at all. Supplement at 146.  And in its later case, *Johnson v. Williams*, 133 S. Ct. 1088 (2013) , the Supreme Court held the presumption would apply if the state law standard is "at least as protective as the federal standard."  *Id.*  at 1096. .

There can be no doubt that Ohio Revised Code § 2941.25 is more protective of the interests of a person in not being punished multiple times for one act than the Double Jeopardy Clause.  Offenses are distinct for federal Double Jeopardy purposes if one of the offenses has an element that the other does not.  *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  In contrast, multiple punishments are prohibited under Ohio Revised Code § 2941.25 if the offenses in question are allied offenses of similar import committed with the same animus.  *State v. Johnson*, 128 Ohio St. 3d 153 (2010). That is a much stronger protection than the Double Jeopardy case law provides.

Therefore the First District's decision in this case is an adjudication of the merits of the Double Jeopardy claim entitled to deference under 28 U.S.C. § 2254(d)(1).  But Brown argues that the First District's decision is erroneous as a matter of Double Jeopardy law whether it is reviewed deferentially or *de novo* (Objections, Doc. No. 33, PageID 345-46).

Brown relies on *Harris v. Oklahoma*, 433 U.S. 682 (1977), where the Supreme Court

3

held that when conviction for the more serious crime (felony murder) could not be had without conviction of the lesser crime (robbery with firearms) the Double Jeopardy Clause barred conviction on the lesser offense after conviction on the greater.  Brown asserts his own convictions for robbery and kidnapping cannot survive the same elements test applied in *Harris* (Objections, Doc. No. 33, PageID 345, citing *Blockburger, supra*; *Brown v. Ohio*, 432 U.S. 161, 165(1977); and *Gavieres v. United States*, 220 U.S. 338 (1911)).  The relevant Ohio statutes are:

### § 2911.02. Robbery

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

(3) Use or threaten the immediate use of force against another.

### § 2905.01. Kidnapping

(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

(1) To hold for ransom, or as a shield or hostage;

(2) To facilitate the commission of any felony or flight thereafter;

(3) To terrorize, or to inflict serious physical harm on the victim or another;

(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;

(5) To hinder, impede, or obstruct a function of government, or to

force any action or concession on the part of governmental authority;

(6) To hold in a condition of involuntary servitude.

Comparing the elements of these two offenses, a theft or attempted theft is a necessary element of robbery but not of kidnapping. Conversely, a removal or restraint is a necessary element of kidnapping but not of robbery. Thus convictions of both of these offenses arising from the same criminal transaction do not offend the Double Jeopardy Clause.

Reverting back to arguments about state law, Brown argues that the Ohio Supreme Court has held that "kidnapping and robbery are not separate offenses otherwise permitting multiple punishments." (Objections, Doc. No. 33, PageID 346, citing *State v. Winn,* 121 Ohio St. 3d 413 (2009).) The First District dealt with this claim as follows:

> [*P23] In his fifth and final assignment of error, Brown contends that he was improperly sentenced because the charges for robbery and kidnapping involved allied offenses of similar import.
>
> [*P24] Under R.C. 2941.25, if a defendant commits two or more allied offenses of similar import, he can only be convicted of one. But if two allied offenses are committed with a separate animus, the defendant may be convicted of each. R.C. 2941.25(B). The Ohio Supreme Court has recognized that, unless there is a separate animus, the commission of robbery necessarily results in the commission of a kidnapping, and therefore that the crimes are allied offenses of similar import under R.C. 2941.25(A). *State v. Cabrales*, 118 Ohio St.3d 54, 2008 Ohio 1625, 886 N.E.2d 181, at P18, citing *State v. Fears*, 89 Ohio St.3d 329, 344, 1999 Ohio 111, 715 N.E.2d 136; see, also, *State v. Winn*, 121 Ohio St.3d 413, 2009 Ohio 1059, 905 N.E.2d 154 (holding that aggravated robbery and kidnapping are allied offenses of similar import under R.C. 2945.21[A]).
>
> [*P25] The question then is whether the robbery and the kidnapping in this case were committed with a separate animus. The Ohio Supreme Court has held that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to

sustain separate convictions; however, where the restraint is prolonged * * * [or] where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense to support separate convictions." *State v. Logan* (1979), 60 Ohio St. 2d 126, 397 N.E. 2d 1345, syllabus. See, also, *Fears*, *supra*.

[*P26] In this case, the state demonstrated a separate animus for the kidnapping charges. After Brown and his accomplices had stuffed money from the bank into their bags, the robbery was over. But at that [**13] point, one of the robbers then told the bank employees, "[D]on't move if you value your life." The robbers then left. The employees did not immediately move to pull the alarm after the robbers had left due to their fear of being harmed, and thus their liberty was effectively restrained apart from the robbery. Accordingly, it was proper for the trial court to enter separate convictions for the kidnappings.

*State v. Brown,* 2009 Ohio App. LEXIS 1675 (1ˢᵗ Dist. Apr. 24, 2009). In other words, the First District recognized that robbery and kidnapping are allied offenses of similar import under Ohio law and cannot be punished separately unless they are committed with a separate animus, which the Court found happened here. Determining whether there was a separate animus within the meaning of Ohio Revised Code § 2941.25 is a question of applying state law to fact. This Court cannot overturn that determination at all with respect to the interpretation of state law and only on the facts if it is unreasonable in light of the state court evidence of record. The fact that it is common to tell bank employees not to move on peril of their lives after you have robbed them does not mean they are not separate crimes, so the First District's determination of separate animus is not unreasonable.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge

6

again respectfully recommends that the Petition be dismissed with prejudice and that Brown be denied a certificate of appealability and leave to appeal *in forma pauperis.*

March 20, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).